782 F.2d 1041
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BALTIMORE AND OHIO RAILROAD COMPANY, Plaintiff-Appellant,
v.
CORNING GLASS WORKS, Defendant-Appellee.
 84-3161
 United States Court of Appeals, Sixth Circuit.
 12/2/85
 
 Before: ENGEL and MILBURN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The Baltimore and Ohio Railroad Company appeals the judgment of the United States District Court for the Southern District of Ohio in favor of Corning Glass Works in this action for recovery of freight charges under Sec. U.S.C. Sec. 1337.
 
 
 2
 Corning manufactures glass products at a facility in Greenville, Ohio. It often ships its products to customers via thetrailer-on-flat-car service offered by the Baltimore and Ohio Railroad. In order to take advantage of the lower rates offered by the railroad when two trailers are tendered together, Corning engaged the services of a freight consolidator, Consignor's, Inc. (Consolidator). The Consolidator combined Corning's loads with loads from other shippers bound for the same destinations to assure Corning a more favorable freight charge. Corning paid the Consolidator a fee for performing this service.
 
 
 3
 The Consolidator contracted with the railroad through bills of lading, which directed the terms of payment, the destination for the goods, and the party to receive the goods on the other end. The bills of lading used in shipping Corning's products contained the words 'charges are to be prepaid.' Unknown to Corning, the railroad and the Consolidator had entered into a credit arrangement allowing the Consolidator to pay freight charges after goods were shipped.
 
 
 4
 Beginning in the summer of 1979, the Consolidator fell behind in payments and the railroad began dunning procedures, although it did not immediately cancel the credit arrangements or file suit. The Consolidator offered checks which were subsequently dishonored for insufficient funds. After the railroad discovered that the checks were bad, it cut off credit to the Consolidator and sought to collect from Corning the unpaid freight charges on twenty-three shipments of Corning's products. Because Corning had already paid the amount of the freight charges to the Consolidator, it refused to pay the railroad. The railroad brought suit to collect. Corning filed a third-party complaint against the Consolidator seeking indemnification should it be held liable for the freight charges.
 
 
 5
 The district court found that the Consolidator had acted as Corning's agent in contracting with the railroad and that, therefore, Corning was bound by the bills of lading issued by the Consolidator. However, the court held that the railroad was estopped from asserting liability against Corning for the unpaid freight charges because Corning had paid the Consolidator while relying upon the railroad's representation that the freight was prepaid and because the railroad had technically violated ICC credit ratings in extending credit to the Consolidator.
 
 
 6
 On appeal the railroad argues that Corning is liable for the unpaid freight charges under principles of agency law and that the district court erred in applying the principles of estoppel to this case.
 
 
 7
 Upon a careful examination of the record as a whole, we conclude that the district judge did not err in his determination that the railroad is estopped from asserting Corning's liability for the freight charges. Accordingly, for the reasons set forth in the opinion of United States District Judge Walter H. Rice, filed in the district court on January 20, 1984, the judgment is AFFIRMED.